IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KISHEN WOODS, SR.,**

    **Petitioner,**

    v.                                                     **CASE NO. 21-3064-SAC**

**STATE OF KANSAS,**

    **Respondent.**

## ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner is a state prisoner appearing *pro se*. For the reasons that follow, the Court concludes that this matter must be dismissed.

**Background**

Petitioner is serving a prison sentence arising from his conviction of first-degree premeditated murder. *State v. Woods*, 348 P.3d 583 (Kan. 2015).

The Court takes notice that Petitioner previously filed a habeas corpus action in this district challenging the same conviction. That case was dismissed by the Court on February 6, 2018, as time-barred. *Woods v. Cline*, Case No. 17-3228-SAC. Petitioner did not appeal. Petitioner filed another habeas petition in this Court, which was dismissed for lack of jurisdiction as a second or successive petition. *Woods v. Cline*, Case No. 18-3126-SAC (D. Kan. May 16, 2018) (Doc. 3, Order of Dismissal).

**Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a federal court must review applications for habeas corpus promptly and must summarily

dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

An applicant for habeas corpus relief may not proceed with a second or successive petition filed under § 2254 unless the appropriate federal court of appeals issues prior authorization. 28 U.S.C. §2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to consider the merits of the second or successive petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).  Petitioner does not show that he has obtained the necessary prior authorization.

Where a petitioner files a second or successive application for habeas corpus without the necessary authorization, the district court, in its discretion, either may transfer the matter to the appropriate Court of Appeals, if that transfer would be in the interests of justice, or may dismiss the case. *See Cline*, 531 F.3d at 1252. Generally, claims may be considered in a second or successive action where a petitioner shows that (1) the claims rely upon a new rule of constitutional law that has been made retroactive to cases pending on collateral review or (2) the petitioner has new evidence that could not have been discovered earlier through the exercise of due diligence and there is clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2).

Here, the Court finds that petitioner cannot meet the limited bases for review in § 2244(b)(2) and concludes this matter should be dismissed.

**IT IS THEREFORE ORDERED** that this petition is **dismissed** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion to appoint counsel (Doc. 4) are **denied as moot.**

**IT IS SO ORDERED**.

**Dated March 19, 2021, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**