# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KISHEN WOODS, SR.,

      Petitioner,

      v.                                 CASE NO.  21-3064-SAC

STATE OF KANSAS,

      Respondent.

## ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner is a state prisoner appearing *pro se*.  On March 19, 2021, the Court dismissed the petition for lack of jurisdiction.  This matter is before the Court on Petitioner's motion for reconsideration (Doc. 7).

The Court found that Petitioner had filed previous habeas actions in this Court.  The Court held that it lacks jurisdiction to consider the merits of a second or successive petition, because an applicant for habeas corpus relief may not proceed with a second or successive petition filed under § 2254 unless the appropriate federal court of appeals issues prior authorization.  The Court found that Petitioner cannot meet the limited bases for review in § 2244(b)(2).

In his motion for reconsideration, Petitioner states that he does not agree with the Court's judgment.  Petitioner asserts that he wants justice, but he does not set forth any arguments for reconsideration.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).

Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings.  *Id*.  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its March 19, 2021 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

**Dated March 29, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**

2